# THE UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PW Productions, Inc. | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-CV-10814-NMG |
| | ) | |
| DOES 1 – 19, | ) | |
| *Defendants* | ) | |

FILED
IN CLERKS OFFICE
2012 JUN 28  P 2: 06
U.S. DISTRICT COURT
DISTRICT OF MASS.

### DEFENDANT DOE 4'S MOTION TO QUASH SUBPOENA

### INTRODUCTION

Plaintiff alleges that the Defendant, Doe # 4, ID # 10200474; IP address 173.76.181.5, along with 18 others, infringed on the Plaintiff's copyrights through in Internet Protocol ("IP") address allegedly belonging to Doe #4 and the various other Doe defendants. Now comes the Defendant, Doe # 4 in the above entitled matter and moves that this Honorable Court vacate the subpoena directed to Verizon to disclose to the Plaintiff, the names, addresses and other confidential information including but not limited to the identity of its subscribers of certain Verizon IP addresses of which the Defendant Doe # 4 is one of.

### SUPPORT - ARGUMENT

1) As grounds therefore, Defendant Doe # 4 states the following; and accordingly, Plaintiff is not entitled to the information requested or the relief sought for the following reasons:

   a. Plaintiff's efforts to identify potential infringers through an IP address is overbroad, unreasonable, and not reasonably calculated to lead to the discovery of admissible evidence.  The personal information associated with a single IP address only identifies a subscriber to the ISP's service, and it does not specify the identity of the person that actually engaged in the infringing activities.  While the Plaintiff has the identifying information of the subscriber, this does not tell Plaintiff who illegally downloaded Plaintiff's works, or, therefore, who Plaintiff will name as the defendant in this case.  A subscriber can be misidentified in multiple ways as an infringer without participating in any infringing behavior.  The infringement could be from a house guest, or any number of other individuals who had direct access to Subscriber's network.

   b. Defendant Doe # 4 has never downloaded any movie(s) on his/her computer and has only learned of what a "Bit Torrent" is through researching the information provided on the complaint.  Defendant Doe # 4 additionally has never downloaded any "Bit Torrent" applications of any kind.  Defendant only uses the computer for paying bills online, creating documents and viewing/corresponding to emails received.

c. Plaintiff's subpoena should be quashed for the additional reason that it is solely sought for the purpose of efforts to extort settlements from potentially innocent individuals under a threat of statutory damages and the stigmatization of being associated with adult films.

2) Plaintiff's motion to compel Internet Service Providers ("ISP's") to supply private and personal information relating to their subscribers is part and parcel of this systematic extortion of individual Internet users that raises serious questions of fairness, due process and individual justice.

3) Plaintiff's request for personal information is overbroad, unreasonable, unduly prejudicial, not reasonably calculated to lead to the discovery of admissible evidence, and sought for the purpose of embarrassment, harassment, and an undue burden of expense to the Defendant's. The Law Offices of Marvin Cable, representing the Plaintiff, has alone filed no less than 8 of these cases in the past two months involving hundreds of these alleged infringers. My research also has revealed that in cases similar to this, when the subpoenaed information is turned over to the Plaintiff's, the Defendants, guilty or innocent, receive demand letters. These letters typically demand from $2,500 to $5,000 and in some cases in excess of $150,000 for settlement to avoid dealing with threatening lawsuits, and the subsequent telephone calls; which have been noted as "persistent and harassing."
Plaintiff's Subpoena is designed to embarrass and coheres defendants into settlement using unethical tactics which sole purpose is of pure "fishing" collections.

4) Cases such as this have been filed all over the country. The various plaintiffs do not initiate the case with the intention of litigating the matter, but rather, their lawyers hope to take advantage of the threat of statutory damages and the stigma associated with adult pornographic movies to induce the hundreds of potentially innocent individual defendants to settle their cases for an amount specifically designed to be less that the amount needed to retain counsel.

## CONCLUSION

Based on the foregoing reasons, Defendant Doe # 4 respectfully requests that this Court enter an order quashing the subpoena issued to Verizon for identifying information relating to Defendant Doe # 4, and or dismissing Defendant Doe # 4 from this case. Defendant Doe # 4 certifies that the foregoing statements made are true, and is aware that if any of the foregoing statements made are willfully false, Defendant Doe # 4 is subject to punishment by the Court.

Respectfully submitted,

*Defendant Doe # 4*
Defendant Doe # 4 (Pro Se)

Civil Action No. 12-CV-10814-NMG

THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PW Productions, Inc. | ) | |
|    *Plaintiff,* | ) | |
| | ) | |
| | ) | |
|    v. | ) | Civil Action No. 12-CV-10814-NMG |
| | ) | |
| DOES 1 – 19, | ) | |
|    *Defendants* | ) | |

**CERTIFICATE OF SERVICE**

     I, Defendant Doe # 4, Pro Se, hereby certify that a copy of the above Motion to Quash Subpoena was served upon the Attorney of the Plaintiff, via First Class mail on June 28th, 2012. A copy of the motion was additionally sent to Verizon, Custodian of Records, via facsimile (confirmation received) and via First Class mail, on June 28th, 2012.

Law Offices of Marvin Cable
73 Bridge Street, Suite # 6
Northampton, MA 01060

Verizon Legal Compliance
Custodian of Records
PO Box 1001
San Angelo, TX 76902
FAX: 325-949-6916

                                                                                          Respectfully submitted,

                                                                                 *Defendant, Doe # 4*

                                                                      Defendant Doe # 4 (Pro Se)